## W. T. TURNER v. D. F. & P. R. LILLY.

1. JUSTICE'S COURT. *Jurisdiction. Where defendant must be sued.*
    Sect. 1303 of the Code of 1871 provides that, in suing before justices of the peace, "every freeholder or householder of the county shall be sued in the district in which he resides, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found." Under this provision, suit may always be brought in the district where the defendant resides; but if a householder is sued out of the district of his residence, the plaintiff must show (1) that the action is to recover a debt contracted in the district where the suit is brought; or (2) that the action is for damages, and the liability therefor was incurred in the district of the suit; or (3) that the action is a proceeding *in rem*, and the property has been found in that district.

2. SAME. *Jurisdiction. Replevin.*
    Where an action of replevin before a justice of the peace is brought in a district other than that in which the defendant resides, and the property is not found in that district, the justice has no jurisdiction of the case, the action being a proceeding *in rem*.

ERROR to the Circuit Court of Montgomery County.

Hon. WILLIAM COTHRAN, Judge.

The plaintiff in error, who was the trustee in a deed of trust, brought an action of replevin against the grantors therein, for the recovery of a lot of lint cotton, the possession of which he claimed to be entitled to by the terms of the deed of trust. The action was commenced before a justice of the peace, in district No. 1 of the county, that being the district in which the deed of trust was executed. But the defendants were householders, and resided in district No. 2; the cotton was situated there, and there was a qualified and acting justice of the peace in that district. The case was taken by appeal to the Circuit Court, where, upon motion of the defendants, it was dismissed for want of jurisdiction in the justice of the peace before whom the action was commenced.

Sect. 1303 of the Code of 1871, which defines the territorial jurisdiction of justices of the peace, is as follows : —

" The jurisdiction of every justice of the peace shall be coextensive with his county; but every freeholder or householder of the

county shall be sued in the district in which he resides, if there be a justice acting therein, and qualified to try such suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found."

*C. S. McKenzie*, for the plaintiff in error.

The liability upon which this action is based was incurred in district No. 1, and the plaintiff in error had the right to bring replevin in either district No. 1 or No. 2. Code 1871, sect. 1303.

*Sweatman & Trotter*, on the same side.

The words "or liability incurred," being used in sect. 1303 in connection with the words "the debt was contracted," show that the clause first quoted was intended to cover other liabilities than those growing out of contract. The liability in this case was incurred in district No. 1, when the deed of trust was executed.

*J. M. Ellis*, for the defendants in error.

This is not an action for debt, but for the recovery of specific property, and only demanding damages in the alternative. If the defendants in error have incurred any liability, it was incurred in district No. 2, for the wrongful detention of the property.

*A. J. Baker*, on the same side.

The facts conferring jurisdiction upon a justice of the peace, in any case, must affirmatively appear. Drake on Attach., sect. 85, chap. 5 ; 1 Kent's Comm. 344 ; Walk. 298. No liability was incurred by the defendants in error until a breach of condition of the trust-deed. *Buck* v. *Payne*, 52 Miss. 271 ; Hill. on Mort. 153 ; Code 1871, sect. 2295.

CHALMERS, J., delivered the opinion of the court.

The trust-deed, by which the legal title to the cotton in controversy was conveyed to the plaintiff below, was executed in justice's district No. 1. The debtor who executed it resided then, and at the time of suit brought, in district No. 2. The cotton also was grown, and was situated when the replevin

writ was sued out, in district No. 2. Could the suit, under these circumstances, be brought in district No. 1, upon the ground that " the debt was contracted or liability incurred " in that district? Ordinarily, every householder or freeholder must, in the justice's court, be sued in the district in which he resides. The exceptions are, that he may also be sued " in the district where the debt was contracted, the liability incurred, or in which the property may be found." Code 1871, sect. 1303. The meaning of this is, that the defendant may always be sued in the district in which he resides; but, if sued elsewhere, that the plaintiff must show that the debt sued on was contracted in the district where the suit is brought, and that it is an action to recover a debt; or that the liability was there incurred, and that it is an action sounding in damages, as for a tort or trespass, whereby " the liability was incurred;" or that it is a proceeding *in rem*, and the property has been found in that district. One of three things must, therefore, have occurred in the district where suit is brought, if it be not the district of the defendant's residence, in order to maintain the action, — to wit, the contracting of the debt sued on, the incurring of the liability to damages, or the presence of the property sought to be reached.

The action of replevin, being a proceeding *in rem*, must be brought either where the defendant resides or where the property is found. Not having been so brought in this case, it was properly dismissed.

Judgment affirmed.